# In the United States Court of Federal Claims

No. 15-1448C, No. 15-1564C, and No. 15-1565C (consolidated)

(Filed: October 16, 2018)

|  |  |
|---|---|
| **ANCHOR TANK LINES, LLC, et al.**, | ) ) ) |
| Plaintiffs, | ) ) |
| and | ) ) |
| **NEW YORK OIL HEATING INSURANCE FUND**, | ) ) ) ) |
| Plaintiff-Intervenor, | ) ) |
| v. | ) ) |
| **UNITED STATES**, | ) ) |
| Defendant. | ) |

<u>ORDER</u>

Pending before the court is Defendant's Unopposed Motion for an Order Allowing Robert Hoberman and Salvatore Sammartano to Testify at Trial by Videoconference ("Def.'s Mot."), ECF No. 65.  Defendant requests, pursuant to Rule 43(a) of the Rules of the Court of Federal Claims ("RCFC"), that the court allow third-party witnesses Robert Hoberman and Salvatore Sammartano to testify by video conference at the trial scheduled to be held from October 31 to November 2, 2018, in Washington, D.C.  According to the defendant, "[b]oth Mr. Hoverman and Mr. Sammartano live in the New York City area, are third-parties to this lawsuit, and are expected to give short and limited testimony."  Def.'s Mot. at 1.

RCFC 43(a) was modified in 1996 to "accommodate modern means of communications." *Scott Timber, Inc. v. United States*, 93 Fed. Cl. 498, 500 (2010).  And, although RCFC 43(a) "reflects the traditional preference for the testifying witness's presence in court," *Katzin v. United States*, 124 Fed. Cl. 122, 125 (2015), "the rule also provides however, that '[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.'" *Id.* (citing RCFC 43(a)).  Good cause and compelling circumstances "are established with 'relative ease' where the parties have agreed upon the transmission of testimony." *Id.* (citing Fed. R. Civ. P. 43(a) advisory committee note (1996 amend.)).  The decision to allow contemporaneous transmission is "expressly reserved to the sound discretion of the trial court." *Scott Timber*, 93 Fed. Cl. at 500 (citing *Air Turbine Tech. v. Atlas Copco AB*, 410 F.3d 791, 714 (Fed. Cir. 2005)).

When read in tandem with RCFC 45(d)(3)(A),[1] the Rules "suggest that in the case of a non-party separated from the court by a substantial geographic distance [*i.e.* over 100 miles], the court should use its discretion under RCFC 43(a) to allow testimony via electronic means if appropriate safeguards are present." *Katzin*, 124 Fed. Cl. at 125 (citing *Air Turbine Tech.*, 410 F.3d at 714).

In this case, New York City is "approximately 225 miles from Washington, D.C." Def.'s Mot. at 1. Defendant represents that "[r]equring the witnesses to travel [] would force them to be away from their work for two days." *Id.* Therefore, the court finds the significant geographical distance and the time away from work represents "compelling circumstance[s]" justifying contemporaneous transmission, particularly where the witnesses' testimony is not central to the case. In addition, the court does not believe the use of videoconferencing technology will have a significantly adverse effect on either parties' ability to examine or cross-examine Mr. Hovernman and Mr. Sammartano, or the court's ability to make credibility determinations. Finally, the parties are in agreement about the videoconferencing of the two witnesses.

For good cause shown, defendant's motion is GRANTED. Both Mr. Robert Hoberman and Mr. Salvatore Sammartano shall be permitted to testify by videoconference.

It is so **ORDERED**.

s/ Charles F. Lettow
Charles F. Lettow
Senior Judge

---

[1] RCFC 45(d)(3)(A) "states that the court 'must quash or modify a subpoena that . . . requires a person who is neither a party nor a party's officer to comply beyond the limitations specified in RCFC 45(c),' which in turn provides that the court 'may command a person to attend a trial . . . only . . . within 100 miles of where a person resides, is employed, or regularly transacts business in person' unless that person 'is a party or party's officer,' or 'if that person is commanded to attend a trial and would not incur substantial expense.' *Katzin*, 124 Fed. Cl. at 125 (citing RCFC 45(d)(3)(A)).